**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MICHAEL BROADNAX,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HOUSTON, M.D., CLINT FORREST, PA, DAN HORTON, M.D., PATRICK COLEMAN, M.D., ROSS L. FISHER, M.D., AND FRANK WILLIAMS, P.A.,<br>Defendants. | ) | Case No. CIV-09-590-D<br><br>JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED |

**AMENDED COMPLAINT**

COMES NOW, the Plaintiff, Michael Broadnax, through his attorney of record, Donald E. Smolen, II, and brings this action against the Defendants, Michael Houston, M.D., Clint Forrest, PA, Dan Horton, M.D., Patrick Coleman, M.D., Ross L. Fisher, M.D., and Frank Williams, P.A., (all collectively the "Defendants") alleges and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. At the time of the incident, Plaintiff was a resident of the State of Oklahoma, County of Carter.

2. Plaintiff is currently a resident of Carter County, Oklahoma.

3. Defendants were all employees and/or agents of Oklahoma Department of Corrections.

4. All of the Defendants collectively provided medical treatment to the Plaintiff through the Oklahoma Department of Corrections in this Judicial District.

5. The acts and omissions that gave rise to this litigation occurred in Carter County, Oklahoma.

6. Jurisdiction of the Court is proper under 28 U.S.C. § 1331 (federal question) as the Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## STATEMENT OF FACTS

8. Paragraphs 1-7 are incorporated herein by reference.

9. In early June 2007, Plaintiff was incarcerated in the Healdton Community Work Center Department of Corrections.

10. Plaintiff, while incarcerated, was working at the City of Healdton Swimming Pool when a wood plank he was standing on collapsed, causing the Plaintiff to fall into a pit. The fall resulted in the Plaintiff fracturing his ankle in over twenty-four (24) places and also required him to have sixteen (16) stitches below his knee.

11. The Plaintiff was transported by ambulance to Ardmore, Oklahoma, in order to receive medical treatment but received no such treatment. The Plaintiff was then transferred to Lindsey Municipal Hospital where he received minimal care during his three months stay. Furthermore, no efforts to repair the Plaintiff's leg were made during this time. An external fixator, which was only supposed to be left on the Plaintiff's leg for six weeks, was placed on the Plaintiff's leg and remained there for three months.

12. As a result of the delay in surgery, the Plaintiff suffered from a severe infection in his leg. After much delay, the Plaintiff eventually underwent surgery on his ankle.

13. After the surgery in August of 2007, the Plaintiff was transferred to the Lexington Prison in Cleveland County. While incarcerated in the Lexington prison, the Plaintiff developed a severe infection in his fractured ankle due to the lack of medical care he received despite his numerous requests for the nurses to remove his bandages and look at his foot.

14. Plaintiff, while incarcerated, requested medical treatment for said condition and was refused treatment.

15. Plaintiff, upon having the condition worsen continued to request medical treatment.

16. As a result of Defendants' deliberate indifference to the Plaintiff's condition and their delay and refusal of treatment, the Plaintiff suffered severe physical pain and suffering and has sustained permanent injury to his foot, ankle and leg.

## FIRST CLAIM FOR RELIEF

**(As to all Defendants)**

**(42 U.S.C. § 1983)**

17. Paragraphs 1-16 are incorporated herein by reference.

18. The Plaintiff sustained a serious injury while in custody of the Oklahoma Department of Corrections.

19. Defendants delayed and refused the Plaintiff medical care for the injuries he sustained while in the custody of the Defendant.

20. Defendants acted with deliberate indifference to the Plaintiff's needs and welfare by failing to treat his serious medical condition properly and preventing the Plaintiff from receiving medical treatment as well as denying the Plaintiff access to medical personnel capable of evaluating the Plaintiff's condition in violation of the Eighth Amendment of the Constitution of the United States and thereby violated 42 U.S.C. § 1983.

21. Defendants, acting as employees and/or agents of the Oklahoma Department of Corrections, also provided inadequate medical care to the Plaintiff, as they knew that Plaintiff's

injuries were extremely serious and disregarded the substantial risk of harm to the Plaintiff's health and safety, thereby violating 42 U.S.C. § 1983.

22. Further, the Defendants caused the Plaintiff to suffer severe physical pain and suffering and caused him to sustain permanent injury to his foot, ankle and leg.

23. As a result of Defendants' indifference to the Plaintiff's medical needs in violation of the Eighth Amendment, the Plaintiff has suffered personal injury including medical expenses, mental and physical pain and suffering, and other actual damages in excess of $75,000.00.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), reasonable attorney fees, and all other relief deemed appropriate by this Court.

Respectfully submitted by,
SMOLEN, SMOLEN & ROYTMAN, PLLC

/s/Donald E. Smolen, II
Donald E. Smolen, II (OBA #19944)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorney for Plaintiff*