IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL BROADNAX, )
 )
    Plaintiff, )
 )
vs. ) Case No. CIV-09-590-D
 )
OKLAHOMA DEPARTMENT OF )
CORRECTIONS, *et al.*, )
 )
    Defendants. )

**O R D E R**

This matter is before the Court on the Motion to Dismiss of Defendants Michael Houston, M.D., Clint Forrest, P.A., Ross L. Fisher, M.D. and Frank Williams, P.A. [Doc. No. 32], filed pursuant to Fed. R. Civ. P. 12(b)(6). Defendants request dismissal of the Amended Complaint "because the Plaintiff has failed to identify the acts of the individual Defendants which the Plaintiff asserts violated his civil rights." *See* Motion [Doc. 32] at 1. Plaintiff, through counsel, has timely opposed the Motion. Plaintiff contends his Amended Complaint is sufficient to satisfy the liberal pleading standard of Fed. R. Civ. P. 8(a) because his factual allegations give Defendants fair notice of the claims asserted against them under 42 U.S.C. § 1983.

**Standard of Decision**

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *see Iqbal*, 129 S. Ct. at 1949-50. The question to be decided is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.2007)).

The court of appeals has recognized that "the degree of specificity necessary to establish plausibility and fair notice [under Rule 8(a)(2)], and therefore the need to include sufficient factual allegations, depends on context." *Robbins*, 519 F.3d at 1248. "In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id*. at 1249-50. "To state an Eighth Amendment [§ 1983] claim, [a plaintiff must] allege that each defendant official acted with deliberate indifference – that he or she both knew of and disregarded an excessive risk to inmate health or safety." *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (footnote omitted).

**Plaintiff's Claims**

Plaintiff was an inmate of the Oklahoma Department of Corrections (DOC), and Defendants allegedly were employees or agents of DOC who "collectively provided medical treatment to the Plaintiff" in 2007. *See* Am. Compl. [Doc. 11], ¶¶3-4. The Amended Complaint alleges Plaintiff was

accidentally injured while incarcerated at the Healdton Community Work Center and working at the municipal swimming pool; a fall caused him to suffer a fractured ankle "in over twenty-four (24) places" and to require "sixteen (16) stitches below his knee." *Id*. ¶ 10. Plaintiff allegedly was transported by ambulance to Ardmore, Oklahoma, but received no treatment there, and "was then transferred to Lindsay Municipal Hospital where he received minimal care during his three months stay." *Id*. ¶ 11. The Amended Complaint further states: "After much delay, the Plaintiff eventually underwent surgery on his ankle. After the surgery in August of 2007, the Plaintiff was transferred to the Lexington Prison" where he "developed a severe infection in his fractured ankle due to the lack of medical care he received despite his numerous requests for nurses to remove his bandages and look at his foot." *Id*. ¶¶ 12-13. Plaintiff alleges that "while incarcerated, [he] requested medical treatment for said condition and was refused treatment" and "upon having the condition worsen continued to request medical treatment." *Id*. ¶¶ 14-15.

Regarding Defendants, the Amended Complaint alleges that they collectively "delayed and refused the Plaintiff medical care for the injuries he sustained while in the custody of [DOC]" and "acted with deliberate indifference to the Plaintiff's needs and welfare by failing to treat his serious medical condition properly and preventing the Plaintiff from receiving medical treatment . . . in violation of the Eighth Amendment." *Id*. ¶¶ 19-20. The Amended Complaint also alleges Defendants "provided inadequate medical care to the Plaintiff, as they knew that Plaintiff's injuries were extremely serious and disregarded the substantial risk of harm to the Plaintiff's health and safety." *Id*. ¶ 21.

## Discussion

Judging the allegations of the Amended Complaint under the applicable Rule 12(b)(6) standards set forth above, the Court finds that Plaintiff's pleading fails to state a claim for relief

against Defendants for violating the Eighth Amendment. "To state a cognizable Eighth Amendment claim [in the medical context], a prisoner 'must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend evolving standards of decency in violation of the Eighth Amendment.'" *Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiff does not identify what role any particular defendant played in his medical care, nor what any particular defendant did or failed to do that would amount to "deliberate indifference" to a serious medical need. Plaintiff does not say that he requested medical care from any defendant or that any defendant refused him treatment. His allegation that he received "inadequate medical care" from Defendants is insufficient; "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Disregarding conclusory allegations of the Amended Complaint, the only alleged facts of particular misconduct by DOC medical personnel are that nurses at the Lexington facility allegedly disregarded Plaintiff's requests to remove his bandages and examine his foot. It does not appear that Plaintiff has sued any nurse. Defendants are designated in the caption as doctors ("M.D.") and physician's assistants ("P.A."). In short, the Amended Complaint fails to provide any defendant with fair notice of the basis of Plaintiff's § 1983 claim against him. Therefore, the Amended Complaint fails to state a claim for relief.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 32] is GRANTED. The Amended Complaint is DISMISSED.

IT IS FURTHER ORDERED that Plaintiff is granted leave to amend within 21 days from the date of this Order, if an amendment is consistent with the obligations of counsel under Fed. R. Civ. P. 11(b).[1]

IT SO ORDERED this 23rd day of December, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has not indicated any desire to further amend his pleading and, instead, argues he "should be allowed an opportunity to proceed in this litigation and to conduct discovery to ascertain the specific facts and circumstances surrounding his injuries." *See* Pl.'s Resp. Mot. Dism. [Doc. No. 34] at 11. This argument indicates Plaintiff lacks additional facts necessary for an amendment. In an abundance of caution, however, the Court follows the court of appeals' preferred course of affording Plaintiff an opportunity to amend. *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994).